AO 472  (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__EASTERN__   District of   __MISSOURI__

UNITED STATES OF AMERICA

V.

__BYRON CORNELIUS GLENN__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number:   1:13CR 8 SNLJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes a preponderance of the evidence that the release of the defendant on bond would present a risk of non-appearance.  Defendant poses a risk of non-appearance if released for the following reasons: SEE ATTACHED PAGES.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__February 15, 2013__              */s/ Lewis M. Blanton*
Date                         Signature of Judicial Officer

LEWIS M. BLANTON, UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

The information and facts contained in the Pretrial Services Report concerning Defendant Byron Cornelius Glenn are adopted and incorporated herein by reference.

Danger to the community:

Defendant is charged with Counts I, II and IV - Passing a Fictitious Instrument with Intent to Defraud; Count III - Making a Fictitious Instrument with Intent to Defraud; and Count V - Mail Fraud.

At the detention hearing, the Affidavit of James Dennis, Senior Special Agent with the United States Secret Service, was introduced. In the affidavit, Agent Dennis states that he has been involved in the investigation of Mr. Glenn "for Mr. Glenn's involvement in creating and attempting to pass more than $117, 000, 000 worth of bogus money orders and checks."

Considering the allegation in the affidavit that Mr. Glenn has attempted to pass $117,000,000 worth of invalid checks or money orders, the court notes that courts have held that "danger to the community" contained in the statute justifying the detention of a defendant includes more than violent acts. It also includes constant and repeated crimes that have a negative effect upon a community. However, it is not for the alleged attempts to pass invalid checks and money orders that Mr. Glenn will be detained, but because his release on bond would involve a risk of non-appearance in court and a flight risk for the reasons set out below.

Risk of non-appearance:

Following the detention hearing on February 6, 2012, Assistant United States Attorney H.

Morley Swingle wrote the court, sending a copy of the letter to defendant's attorney, providing information which Mr. Swingle believed was relevant to the defendant's detention question. Portions of that letter follow:

> On February 6, 2013, the day the defendant was arrested and first appeared in court, his son, Ghaffar Othman Glenn, tried to get in to see him while he was in the custody of the U. S. Marshals, by falsely claiming he was an attorney. The ruse did not work.
>
> I have also learned that when the son came through security at the front door of the courthouse that day, officers did a routine check of his briefcase. They discovered a birth certificate; a passport that appeared to be brand new; a certified American silver dollar in a sealed plastic container; a roll of silver coins the size of silver dollars, six to seven inches long, wrapped cellophane, that appeared to be foreign coins; and paper money, also wrapped in cellophane, that appeared to be foreign currency. Ghaffar Orthman Glenn described the paper money as "notes" and the coins as "legal tender."

Assistant Federal Public Defender Michael Skrien, Mr. Glenn's attorney, wrote a response to Mr. Swingle's letter. Mr. Skrien indicated that if Mr. Glenn were released on bail, he has no intention of leaving the country, state or district. Mr. Skrien indicates that if Mr. Glenn were placed on electronic monitoring and surrendered his passport, these steps would assure that Mr. Glenn would not leave the district or country.

The items contained in the brief case brought to the courthouse by Mr. Glenn's son, Ghaffar Glenn, in the fabricated attempt for his son to see Mr. Glenn can leave no other conclusion than that serious provisions had been made for Mr. Glenn to leave the country.

Although Mr. Glenn's attorney suggests that electronic monitoring would prevent Mr. Glenn from leaving the area, the court is aware of defendants who have cut or otherwise damaged electronic monitoring equipment and fled. If one is determined to abscond, electronic monitoring equipment

is not failsafe against a planned escape.

Either a danger to the community or a risk of non-appearance is sufficient to justify the detention of a defendant. United States v. Sazenski, 806 F.2d 846 (8th Cir. 1986).

The court finds that the release of Byron Cornelius Glenn on bond would involve a risk of non-appearance and the serious risk of flight.

The court finds the defendant should be detained.


Based on the foregoing, the court finds that no condition or combination of conditions will reasonably assure the safety of the community and the defendant's appearance as required were he to be released on bail.

In reaching its decision, the court has considered the Report of the Pretrial Services Officer of the Eastern District of Missouri, the Affidavit of Senior Special Agent James Dennis, the factors set out in Title 18 § 3142(g) and the argument of the parties.