```
                      UNITED STATES OF AMERICA
                    EASTERN DISTRICT OF MISSOURI
                       SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
        Plaintiff,                )
                                  )
   vs.                            )  No. 1:13-CR-8 SNLJ
                                  )
BYRON CORNELIUS GLENN,            )
                                  )
        Defendant.                )


                   TRANSCRIPT OF DETENTION HEARING

               BEFORE THE HONORABLE LEWIS M. BLANTON
                   UNITED STATES MAGISTRATE JUDGE

                       Februrary 11, 2013


APPEARANCES:

For Plaintiff:      Mr. Harry Morley Swingle
                    OFFICE OF U.S. ATTORNEY
                    555 Independence
                    Room 3000
                    Cape Girardeau, MO  63703

For Defendant:      Mr. Michael Skrein
                    FEDERAL PUBLIC DEFENDER
                    P.O. Box 2043
                    Cape Girardeau, MO  63702


RECORDED BY:        DEPUTY CLERK CATHY GOULD

TRANSCRIBED BY:     SUSAN R. MORAN, RMR, FCRR
                    Official Court Reporter
                    111 South 10th Street
                    St. Louis, MO  63102
                    (314) 244-7983


Proceedings recorded by electronic recording.
```

1          (The following proceedings were held in open court
2  on February 11, 2013 at 11:11 a.m.:)
3          THE COURT:  This is Cause No. 1:13-CR-8 SNLJ, United
4  States of America versus Byron Cornelius Glenn.  Comes now
5  the United States by Assistant United States Attorney Morley
6  Swingle.  Comes the defendant in person and with his
7  attorney, Assistant Public Defender Michael Skrien.
8          Mr. Skrien, has there been a change?
9          MR. SKRIEN:  Yes, Your Honor.  I spoke with
10 Mr. Glenn.  And, in fact, we were in the process of being
11 interviewed with pretrial, and we'd like to continue that and
12 submit -- have that be submitted to the Court.
13         THE COURT:  Okay.  Is that correct, Mr. Glenn?
14         THE DEFENDANT:  Yes.
15         THE COURT:  Okay.  Well, then we'll continue this
16 hearing.  So Mr. Glenn was talking to Mr. Irby?
17         MR. SKRIEN:  Yes.
18         THE COURT:  Okay.  Well, I'll need to talk to
19 Mr. Irby before we reassemble.  I'll do that.  We will
20 tentatively schedule -- reschedule this hearing for quarter
21 till twelve.  Hopefully Mr. Irby can complete the interview
22 and then talk to me.  That time is a sliding time so that
23 very often they have to do research, background investigation
24 before they can actually talk to me.  So that's what we'll
25 tentatively plan to do, reassemble here at quarter till

```
 1    twelve and Mr. Glenn has talked to Mr. Irby.
 2             Okay.  Anything else?
 3             MR. SKRIEN:  No, Your Honor.  Thank you.
 4             THE COURT:  Does the government have anything it
 5    would like to say?
 6             MR. SWINGLE:  Not yet, Your Honor.
 7             THE COURT:  Okay.  We will be in recess until
 8    quarter till twelve.
 9             (Court in recess from 11:13 a.m. until 12:20 p.m.)
10             THE COURT:  This is Cause No. 1:13-CR-8 SNLJ, United
11    States of America versus Byron Cornelius Glenn.  Comes now
12    the United States by Assistant United States Attorney Morley
13    Swingle.  Comes the defendant in person and with his
14    attorney, Assistant Federal Public Defender Michael Skrien.
15             I've had a chance to talk to the pretrial services
16    officer.  Originally the government requested detention; is
17    that correct, Mr. Swingle?
18             MR. SWINGLE:  Yes, Your Honor. And I have an
19    affidavit today I'd like to present to supplement that.
20             THE COURT:  Okay. All right.  Are we ready to
21    proceed?
22             MR. SKRIEN:  We are, Your Honor.
23             THE COURT:  Okay.  Then if Mr. Glenn and Mr. Skrien
24    will have a seat, we'll have Mr. Swingle present his
25    evidence.
```

```
 1              Maybe I haven't.  I guess we did the arraignment in
 2    the other case.  Have we done an arraignment yet?
 3              MR. SKRIEN:  Not that I'm aware of.
 4              THE COURT:  Okay.  Well, you'd be aware of it.
 5              All right.  Why don't we have Mr. Glenn and
 6    Mr. Skrien come back up, and let's do the arraignment.  We
 7    had an arraignment in the other case, but this one we didn't
 8    get that far.
 9              Mr. Glenn, you've received a copy of the indictment;
10    is that correct?
11              THE DEFENDANT:  Correct.
12              THE COURT:  Would you like me to go over that with
13    you?
14              THE DEFENDANT:  No.
15              THE COURT:  You understand what you're charged with?
16              THE DEFENDANT:  Yes.
17              THE COURT:  All right.  Have you had enough time to
18    speak with Mr. Skrien so you know what plea you want to
19    enter?
20              THE DEFENDANT:  Not guilty.
21              THE COURT:  Okay.  The defendant enters a plea of
22    not guilty.  The defendant waives the formal reading of the
23    indictment.
24              This matter will be set for trial at a later date.
25    In the meantime any pretrial motions will be assigned to me.
```

```
 1              And would the defendant like some additional time in
 2   which to make a decision on whether to file pretrial motions
 3   or a waiver?
 4              MR. SKRIEN:  Yes, Your Honor.
 5              THE COURT:  We have a written motion to that effect.
 6   And that motion will be granted.
 7              Thank you.  I've scheduled a hearing on any pretrial
 8   motions or possible waiver for March 6th, 2013 at 10:15 a.m.
 9              And we have a written order setting out a schedule
10   for the filing of discovery, responses, motions, responses
11   and actually setting any motions for hearing.  And that is a
12   courtesy copy.  The official copy will come to the attorneys
13   by email.
14              All right.  Then of course you all have not received
15   a copy of the pretrial services report.  What's your
16   pleasure, Mr. Skrien?
17              MR. SKRIEN:  Your Honor, I'm prepared to proceed.
18   I've spoken with Mr. Irby.
19              THE COURT:  Okay.  All right.
20              MR. SKRIEN:  I sat in on the interview.
21              THE COURT:  All right.  Then if you all would have a
22   seat then we'll let Mr. Swingle present his evidence.
23              MR. SWINGLE:  May I proceed, Your Honor?
24              THE COURT:  Just as soon as they get sat down.
25   Mr.  Swingle.
```

1           MR. SKRIEN:  Your Honor, the government would offer
2   Government's Exhibit 1, which is an affidavit prepared by Jim
3   Dennis of the Secret Service.
4           THE COURT:  All right.  Has the defendant received a
5   copy of that?
6           MR. SKRIEN:  Not yet, Your Honor.  While we may
7   object to some of the factual statements contained in the
8   affidavit, we understand that it's admissible at this hearing
9   and, therefore, will not object to its admission for this
10  hearing.
11          THE COURT:  Okay.  If you'll give me a chance, I'll
12  read this.
13          (There was a brief recess.)
14          THE COURT:  All right.
15          MR. SWINGLE:  Your Honor, there are no conditions of
16  bond that would reasonably assure this defendant's appearance
17  in court.  For one thing, I'd like the Court to consider the
18  nature of the offense and that there are $117 million worth
19  of Money Orders and checks that this defendant prepared that
20  were counterfeit, bogus, not valid.
21          I'd like the Court to consider the fact that he
22  continuously committed these crimes over a period of several
23  weeks after being warned over and over again that it was
24  against the law to prepare these bogus documents.
25          I'd like the Court to consider the fact that the

1  weight of the evidence is strong as the Court could tell from
2  the affidavit.
3          I'd like the Court to consider his lack of
4  cooperation with pretrial services in this case initially
5  where he wouldn't even provide details as to his address and
6  that sort of thing.
7          I'd like to point out the fact that he faces up to
8  120 years in federal penitentiary, which is a reason to flee.
9  I'd like to point out the fact that he has a passport, that
10 he has a carry a concealed weapon permit.  In addition, the
11 facts of the affidavit that we have also been told by an eye
12 witness, he has many weapons in his home.
13         I'd like to point out that when he was arrested, he
14 had originally told the officers he was not going to go with
15 him, and he told him that was not his name on the arrest
16 warrant even though that was the name that was on the
17 certificates that hung on the wall of his office where he was
18 being arrested.  And that they had interviewed him, Jim
19 Dennis and Brian Ritter on numerous occasions, and they knew
20 that that was his name.
21         I'd like to point out the fact that the affidavit
22 shows that he considers himself a quote, freeholder, closed
23 quote, who is not bound by the laws of the United States.
24 That's a reason to think there's no conditions that would
25 assure his appearance in court.

```
 1              I'd like to point out that he has said he's a
 2    diplomat who is not governed by the law of the United States,
 3    which also shows that there are no conditions that would
 4    assure his appearance in court.
 5              THE COURT:  All right.  Thank you.  Mr. Skrien.
 6              MR. SKRIEN:  Thank you, Your Honor.  We do not have
 7    evidence to present, but I'd like to make my argument at this
 8    time.
 9              THE COURT:  Okay.  That would be fine.
10              MR. SKRIEN:  Your Honor, Mr. Glenn has no criminal
11    history whatsoever.  There are certainly many conditions or
12    several conditions the Court could put on Mr. Glenn to assure
13    his appearance in court and to protect the community.
14              I'm not sure precisely of pretrial's recommendation.
15    If we're at liberty to discuss that now.
16              THE COURT:  They recommend that he surrender his
17    passport, that he be placed on a $10,000 bond secured by
18    $1,000.
19              MR. SKRIEN:  Well, then obviously we're going to ask
20    the Court to follow that recommendation.  I've spoken with
21    his wife, who is here today.  I believe they can come up with
22    $1,000 or close to it.  But they are here.  He's got
23    significant ties to the community.  He's got a medical
24    practice.  He's been in the Air Force honorably discharged.
25    So he certainly has the ability to follow directives and any
```

1   sort of conditions this court would put upon him.

2   He's explained I know that he can get rid of the
3   weapons, to take that out of the house, so that wouldn't be a
4   problem.

5   Your Honor, for those reasons we would ask that you
6   set a reasonable bond in the amount recommended by the
7   pretrial report.

8   THE COURT:  Okay.  Do you have anything -- and I'm
9   not going to ask Mr. Glenn.  Do you have anything to say
10  about the statement in this affidavit that Mr. Glenn told
11  Agent Brian Ritter that he's been considering traveling to
12  China and the Vatican?

13  MR. SKRIEN:  I've spoke with Mr. Glenn about his
14  travel.  And that was brought up during the pretrial
15  interview as well.  And he is prepared to surrender his
16  passport and stay within the Eastern District of Missouri.

17  THE COURT:  Does he realize that if he were placed
18  on bond, if he should commit a crime, he would be revoked and
19  would sit in jail until this matter is resolved?  Does he
20  understand?  I'd make that clear at a hearing when I go over
21  conditions.  But, I mean, he's presumed innocent of all these
22  things, but there seems to be a lot of evidence.  And if he
23  would continue any crime, he would be revoked and would spend
24  the remainder until this matter is resolved in jail.  So he
25  needs to understand that.  One of the allegations, arguments

1   by Mr. Swingle is that even though he has been warned that
2   what allegedly has done is illegal, he continues.  I mean,
3   anyway, so he needs to be aware of that.
4           MR. SKRIEN:  I think this past weekend has made him
5   more aware.
6           THE COURT:  All right.  Well, we won't make a
7   decision.  I'll think about this.
8           Thank you.  Mr. Swingle, anything further?
9           MR. SWINGLE:  No, Your Honor.  Thank you.
10          THE COURT:  Okay.  Thank you.  We'll be in recess.
11  I'll consider this and make a decision.
12          (Court in recess at 12:36 p.m.)

```
 1                        C E R T I F I C A T E
 2              I, Susan R. Moran, Registered Merit Reporter, in
 3   and for the United States District Court for the Eastern
 4   District of Missouri, do hereby certify that I was not
 5   present at the proceedings in the above-mentioned court; and
 6   that the foregoing transcript is a true, correct, and
 7   complete transcript of the electronic recording.
 8              I further certify that I am not attorney for, nor
 9   employed by, nor related to any of the parties or attorneys
10   in this action, nor financially interested in the action.
11              I further certify that this transcript contains
12   pages 1 - 11 and that this reporter takes no responsibility
13   for missing or damaged pages of this transcript when same
14   transcript is copied by any party other than this reporter.
15              IN WITNESS WHEREOF, I have hereunto set my hand
16   at St. Louis, Missouri, this 11th day of April, 2013.
17
18                              _____
                                /s/ Susan R. Moran
19                              Registered Merit Reporter
20
21
22
23
24
25
```